IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THERESA HINKLE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH, WEST VALLEY CITY<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11-CV-01169-DS-EJF<br><br>District Judge David Sam<br>Magistrate Judge Evelyn J. Furse |

　　　　This order strikes the previous order [Doc. #7].  District Judge David Sam referred this case to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  The Court has before it Theresa Hinkle's ("Plaintiff") pro se motion for appointment of counsel.  The Court has carefully reviewed the motion submitted.  For the reasons set forth below, the Court DENIES Plaintiff's motion.

　　　　Allowed to proceed *in forma pauperis*,[2] Ms. Hinkle filed a pro se 42 U.S.C § 1983 action against the State of Utah and West Valley City on December 15, 2011.[3]  Concurrently, Ms. Hinkle moved the Court for an order appointing legal counsel to act on her behalf.[4]

　　　　While defendants in criminal actions have a constitutional right to representation by an attorney, U.S. Const. amend. VI; Fed. R. Crim. P. 44, there is "no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of

---

[1] *See* docket no. 6.

[2] *See* docket no. 2

[3] *See* docket no. 3.

[4] *See* docket no. 5.

counsel under 28 U.S.C § 1915(e)(1) (West 2012), which allows a court to "request" an attorney to represent an indigent party.  The Court has discretion under §1915(e)(1) to appoint counsel or not.  *Shabazz v. Askins*, 14 F.3d 533 (10th Cir. 1994).   The applicant has the burden to convince the court that her claim has enough merit to justify the Court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the Court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  Considering these factors and the available facts, the Court finds that the merits of the case are weak, but the Plaintiff has demonstrated an ability to present her factual and legal case.  For example, Plaintiff cites to the section of the Utah State Code that she claims violates her civil rights.  Consequently, the Court DENIES the Plaintiff's motion for appointed counsel.

SO ORDERED.

DATED this 1st day of August, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge